1  Robert C. Cheasty, Esq. # 85115
   Law Offices of Cheasty & Cheasty
2  1604 Solano Avenue
3  P.O. Box 8357
   Berkeley, CA 94707
4  Telephone: (510) 525-1000
   Email: rcheasty@cheastylaw.com
5
6  Attorneys for Plaintiff
7

8              UNITED STATES DISTRICT COURT
9           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 | JAMAL JACKSON; JANNIE MENDEZ, | NO. 4:08-cv-01916-SBA
12 | Plaintiffs, |
13 | | **CASE MANAGEMENT STATEMENT.**
14 | vs. |
15 | |
16 | CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; GARY MORIYAMA, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and San Francisco police officers and employees DOES 1 through 50, inclusive, | HEARING: July 30, 2008
   | | TIME: 2:45 p.m.
17 | | PLACE: by telephone
18
19
20
21
22
23
24 | Defendants. |

25      As Defendants have not yet appeared, Plaintiffs submit this as a separate Case Management
26
27 Statement pursuant to the Court's Case Management Conference Order, Feb. 27, 2007, and *The*
28 *Standing Order for All Judges of the Northern District of California*..

---

CASE MANAGEMENT STATEMENT. *Jackson v. San Francisco* USDC, N. D. CA, NO. 4:08-cv-01916-SBA
-1-

**1. Jurisdiction and Service**

This lawsuit is properly before this Court because it raises a federal question. Specifically, plaintiff alleges cause of actions under 42 U.S.C. section 1983 for alleged violations of plaintiff's constitutional rights by officers of the San Francisco Police Department. PLAINTIFF has attempted service and believes it has been accomplished as to all defendants, although they have yet to appear due to the timing of the service so if there is to be any contest as to service Plaintiff has not learned of it yet.

**2. Facts**

On the afternoon of February 24, 2007, Plaintiff JAMAL JACKSON, a college student, was driving with his girlfriend, Plaintiff JANNIE MENDEZ, to Pier 1 in San Francisco (at the Ferry Building along the Embarcadero) where they were to meet with some friends. On the way to meet their friends, another driver who was stuck in the late afternoon traffic took out his frustration on Jamal and others. This other driver became increasingly angry and eventually was overcome by road rage and in the process of venting his rage, and acting and driving in a hostile manner, he accosted Mr. JACKSON who defended himself.

Later, when Mr. JACKSON arrived at the pier parking lot where his friends worked, Mr. JACKSON went into the bathroom. When he emerged from the bathroom he observed a couple of police officers on the lot and learned they were looking for someone who was in some kind of dispute with another motorist. Mr. JACKSON approached the officers to explain he might be the driver they sought; to explain to them what had happened; and to lodge a complaint against the other driver. When Mr. JACKSON reached the police he was accosted by Defendant OFFICER SERNA who placed him into handcuffs and then violently struck him and threw him onto the

pavement and then further assaulted and battered him. This violence was wholly without provocation of cause. This was in the presence of others - those who had their cars parked in the lot, those who worked there, and Mr. JACKSON'S girlfriend, Plaintiff JANNIE MENDEZ.

      Defendant OFFICER SERNA then began to pepper spray onlookers, including Plaintiff Ms. MENDEZ, and to assault those in the vicinity and to continue to be physically abusive to Mr. JACKSON, who was at this point was very fearful for his safety. Mr. JACKSON eventually jumped up and ran from OFFICER SERNA and attempted to surrender himself to other officers. He got down onto the pavement to show the officers he was not a danger or resisting them and attempted to surrender himself to another couple of police officers and while he was attempting to do this DEFENDANT SERNA ran up and dove onto the back of Mr. Jackson, who was prone on the sidewalk. SERNA Landed with his knees into Mr. Jackson's back and then proceeded to twist Mr. Jackson's wrist and twist it beyond the point it would go, and damage it.  Then Mr. Jackson was put into the squad car of the other officers. While he was in the back seat of the police vehicle, and cuffed, DEFENDANT SERNA came up and got into the back seat and began to assault and batter him again, and began verbally and physically abusing him, making repeated racially derogatory, calling him nigger and using other intensely offensive words to Mr. JACKSON a young African American.

      San Francisco Police Officers, Defendants JESSE SERNA and GARY MORIYAMA both participated in the false arrest and detention of the onlookers, including Plaintiff JANNIE MENDEZ, with OFFICER SERNA using chemical sprays into the eyes of onlookers including Plaintiff JANNIE MENDEZ, who was held in violation of her right to freedom and to remain free from molestation and unwanted assaults, batteries, arrest and detention by OFFICER SERNA.

Plaintiffs JACKSON and MENDEZ observed OFFICER SERNA approached bystander Shawn Myers, tell him that he was under arrest, and placed an arm bar on him. Joined by Officer Moriyama, they violently manhandled Mr. Myers, threw him to the ground and arrested him, without any acts of provocation by Mr. Myers. This caused great fear in both Mr. Jackson and Ms. Mendez. As this event unfolded, Mr. Myers' wife repeatedly asked the officers why they were arresting and manhandling her husband. In response, Officer SERNA discharged his chemical spray into Sarah Myers' face, without warning or provocation and in violation of department guidelines for such use and discharge. Officer MORIYAMA both assisted Officer SERNA in his unlawful use of force upon Mr. Myers and stood by and failed to intervene in Officer SERNA's intolerable abuse of JAMAL JACKSON and SARAH MYERS. Other Officers stood by and failed to intervene in Defendant Officers SERNA's and MORIYAMA's abuse of Plaintiffs JACKSON, MENDEZ and the others who were assaulted and abused by them.

Mr. JACKSON was incarcerated in the San Francisco County Jail for seven days, and is currently fighting false criminal charges that have been pursued by the CITY AND COUNTY OF SAN FRANCISCO.

Defendant Officer JESSE SERNA is a San Francisco Police Officer who has repeatedly misbehaved and despite that repeated misconduct, his behavior has been allowed and permitted by the Defendants CITY AND COUNTY OF SAN FRANCISCO and its Police Department and its directing personnel, including its Police Chief, Defendant HEATHER FONG. This has redounded to the detriment of the public and to the detriment of the rest of the police force who suffer reputation-wise from the terrible misconduct and the physical abuse that Officer SERNA has repeatedly committed. His misconduct and criminal acts have been widely publicized such that the Department and the officials of the City of San Francisco, Defendants herein, all have been on

notice of Mr. SERNA'S violations but have not taken proper steps to protect the public from Officer SERNA'S conduct. Attached to the Complaint are the Exhibits A, a group exhibit of prominent articles including an Editorial in the San Francisco Chronicle, all highlighting the misconduct of Officer SERNA, including the Editorial, that actually named SERNA, all putting the CITY AND COUNTY OF SAN FRANCISCO and the Department on Notice.

Defendant Officers later lied by falsely claiming in their police reports that that Plaintiff JAMAL JACKSON had resisted arrest, by falsely claiming that Plaintiff JAMAL JACKSON had assaulted and battered, by falsely claiming that bystanders Mr. and Mrs. Myers had threatened the officers, that Mrs. Myers had attempted to assault Officer SERNA, that Plaintiff JANNIE MENDEZ had acted in a way to justify the spraying of her with chemical spray, falsely accusing and assaulting her.

Plaintiff Jackson was beaten and sustained injury to his face, head, torso legs and wrists in addition to the abuse and humiliation before his girl friend, friends and the general public. Plaintiff Jannie Mendez was assaulted and battered, humiliated, sprayed with pepper spray and had to watch her boyfriend be manhandled and battered by the police.

### 3. Legal Issues

Whether the officers falsely charged the Plaintiff Jackson to cover for their outrageous conduct in assaulting and battering the plaintiff and in the case of Serna in deliberately trying to injure the Plaintiff in the way SERNA battered him.
Whether Officer Serna should have been removed from his duties long before the incident at bar due to his frequent abuse of civilians in the past as he come into contact with civilians.
Whether the officers acted unreasonably in forcibly detaining Plaintiff Jackson and then battering him when he approached Officers Serna and Moriyama to talk with them.
Whether the Officers had probable cause to detain and/or arrest Plaintiffs.
Whether the officers used reasonable force against plaintiffs if they had probable cause.
Whether the officers are entitled to qualified immunity.
Whether Plaintiff(s) resisted arrest, or whether any civilian is seek refuge in the face of assault and battery by a police officer.
Whether Defendants' caused plaintiff's damages.

Plaintiffs claims include violation of 42 USC §1983 against officers SERNA and MORIYAMA for excessive force and false arrest, and against Chief FONG and the CITY for *Monell* violations. Plaintiffs allege that SERNA has a significant history of using excessive force and fabrication, which Defendant CITY ratified through its deliberate indifference. Plaintiffs also allege state causes of action including assault and battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, violation of Civil Code Sections 51.7 and 52.1, and negligence, negligent hiring retention, training etc.

**4. Motions**

Plaintiff intends to file an Administrative Motion to Consider Whether Cases Should Be Related, under Civil Local Rule 3-12. This case is directly related to the case of *Myers v. City and County of San Francisco*, USDC Northern Dist. of Cal., No. C08-01163 JSW. Both that case and the one before this court arose from the same facts, with the same parties, same series of events and same witnesses. The Defendant Officers SERNA and MORIYAMA battered and assaulted the both sets of Plaintiffs at the same time at the same place in relation to the same fact situation. Plaintiff Shawn Myers (Myers case) was arrested and battered solely because he was a witness who spoke up when DEFENDANT OFFICER SERNA was battering Plaintiff JACKSON. Plaintiff Mendez was pepper sprayed because she was observing the battering of Jackson and Myers. Plaintiff Sarah Myers (Myers case) was pepper sprayed and arrested because she observed the battering of her husband Shawn Myers and Plaintiff Jackson. This all happened due to the outrageous conduct of DEFENDANT SERNA and his fellow officer MORIYAMA.  All parties will be testifying at both cases and many of them are parties in both cases. In the interests of justice, time, judicial economy and to ward off possible dissimilar results for two cases involving the same set of facts and

transactions, the cases should be related. The Myers case was filed first so Plaintiffs Jackson and Medez will file for relation in that action. Additionally, Plaintiffs anticipate filing motions to relate three other pending cases to the instant matter for the purposes of conducting *Monell* discovery. Each of the four potentially related cases, *Hwang v. City and County of San Francisco, et al.*, case no. C 07 2718 WDB (Date of incident: May 12, 2007), *Maestrini v. City and County of San Francisco, et al.*, case no. C 07 2941 PJH (Date of incident: October 29, 2006), *Oliver v. City and County of San Francisco, et al.*, case no. C 07 02460 JL (Date of incident: August 20, 2006), alleges use of excessive force by Defendant Officer SERNA under similar circumstances, all within a 9-month period. At a minimum, the *Monell* discovery is expected to be the same in each of the actions pertaining to discovery of Defendant Officer SERNA's background and personnel records.

### 5. Amendment of Pleadings

The parties do not anticipate amending the pleadings.

### 6. Evidence Preservation

The parties have preserved evidence.

### 7. Disclosures

Plaintiffs will engage in initial disclosures pursuant to Fed. R. Civ. P. 26, and expect agreement on exchanging disclosures by the date for hearing.

### 8. Discovery

No discovery has yet been conducted. The parties request discovery as outlined by the Federal Rules of Civil Procedure.

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

See Motions section above. The following cases pending before the Northern District are related cases: *Myers v. City and County of San Francisco*, USDC Northern Dist. of Cal., No. C08-01163 JSW (arose from the same facts, with the same parties, same series of events and same witnesses). *Hwang v. City and County of San Francisco, et al.*, case no. C 07 2718 WDB (Date of incident: May 12, 2007), *Maestrini v. City and County of San Francisco, et al.*, case no. C 07 2941 PJH (Date of incident: October 29, 2006), *Oliver v. City and County of San Francisco, et al.*, case no. C 07 02460 JL (Date of incident: August 20, 2006. Plaintiffs are requesting a stipulation to relate from Defendants but have not gotten any agreement on this so far.

### 11. Relief

Plaintiff is seeking damages, punitive damages, attorneys fees, and costs.

### 12. Settlement and ADR

Plaintiff will seek agreement from Defendants to a settlement conference before a magistrate judge or at least to mediation.

### 13. Consent to a Magistrate

Plaintiffs understand that the related case of Myers v. San Francisco is before a Magistrate Judge and therefore Plaintiffs will stipulate to appearing before a Magistrate for the handling of this case.

### 14. Other References

Plaintiff is not aware of any other references for this matter.

### 15. Narrowing of Issues

Plaintiffs are willing to stipulate to facts or legal issues.

### 16. Expedited Schedule

This case is not suitable for an expedited schedule.

### 17. Scheduling

The Court will need to set dates for the close of discovery, any motion for summary judgment and expert disclosures.

### 18. Trial

Plaintiff is agreeable to the trial date of September 21, 2009, the date picked by the parties in the *Myers v. San Francisco* case, assuming that this case is related to that case.

### 19. Disclosure of Non Party Interested Entities

The parties are unaware of nonparties with such an interest in this lawsuit except as to the related case as set forth above.

Dated: July 21, 2008

                                            CHEASTY & CHEASTY

                                            By: s/Robert C. Cheasty
                                            ROBERT C. CHEASTY
                                            Deputy City Attorney
                                            Attorneys for Plaintiffs Jackson and Mendez

**PROOF OF SERVICE**

I am employed in the County of Alameda, State of California. I am over the age of 18 and not party to the action within. My business address is 1604 Solano Ave., P. O. Box 8357, Berkeley, CA 94707.

I served the following document(s) on the interested parties in this action, as listed below, by the method(s) listed below and on the date of this declaration.

<u>Jackson v. City & County of San Francisco, et al.</u> USDC, No. Dist. Calif.,
Case No. NO. 4:08-cv-01916-SBA
Case Management Statement

Method of Service:

X_____ Facsimile I personally sent to the person named below at the fax number set forth below a true copy of the document described above.
_____ Personal service by Messenger
X_____ By email at: sean.connolly@sfgov.org.
_____ By personal delivery.
_____ By certified mail, return receipt requested, by placing a true copy of this document in a sealed envelope, postage fully prepaid, in a U.S. Post Office mailbox at Berkeley, California, addressed as set forth below.
X_____ By first class mail by placing a true copy of this document in a sealed envelope, postage fully prepaid as follows:
   I am "readily familiar" with my firm's practice of collection and processing correspondence for mailing. It is deposited with the U. S. Postal Service on that same day in the ordinary course of business either by having it picked up by an employee of the U.S. Postal Service or by deposit in a U.S. Post Office mailbox at Berkeley, California, addressed as set forth below. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

| Sean Connolly, Attorney at Law<br>Deputy City Attorney, City of San Francisco<br>1390 Market Street<br>San Francisco, CA 94102 | |

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that I executed this document in Alameda County at my above business address on July 23, 2008.

/s/ Robert C. Cheasty

Robert C. Cheasty