1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  SEAN F. CONNOLLY, State Bar # 152235
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3863
6  Facsimile:    (415) 554-3837
   E-Mail:        sean.connolly@sfgov.org
7

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
9  CHIEF HEATHER FONG, OFFICER JESSE SERNA,
   OFFICER GARY MORIYAMA
10

11

12                     UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14  JAMAL JACKSON; JANNIE MENDEZ,          Case No. C08-1916 SBA

15              Plaintiffs,                 **DEFENDANTS CITY AND COUNTY
                                            OF SAN FRANCISCO AND CHIEF
16         vs.                              HEATHER FONG'S ANSWER TO
                                            COMPLAINT**
17  CITY AND COUNTY OF SAN
    FRANCISCO, a municipal corporation;
18  HEATHER FONG, in her capacity as        **DEMAND FOR JURY TRIAL**
    Chief of Police for the CITY AND
19  COUNTY OF SAN FRANCISCO; JESSE
    SERNA, individually, and in his capacity
20  as a police officers for the CITY AND
    COUNTY OF SAN FRANCISCO; GARY
21  MORIYAMA, individually and in his
    capacity as a police officer for the CITY
22  AND COUNTY OF SAN FRANCISCO;
    and San Francisco police officers and
23  employees DOES 1 through 50, inclusive,

24              Defendants.

25

26         Defendants City and County of San Francisco and Chief Heather Fong (hereinafter referred to

27  as "Defendants") respond to the Complaint filed by plaintiffs as follows:

28

CCSF AND CHIEF FONG'S ANSWER                    1                    n:\lit\li2008\081325\00498455.doc
CASE NO.  C08-1916 SBA

**INTRODUCTION**

On February 24, 2007, near the intersection of 5th and Mission Streets in San Francisco plaintiff Jamal Jackson brutally beat the driver of another car in a road rage incident. Plaintiff started the incident, followed the unsuspecting victim, and then, while the victim was stopped at a traffic light, walked up and beat the victim through the window of the victim's car. Plaintiff then fled in his own vehicle. Plaintiff ditched his car, a white Nissan Sentra, near the Ferry Building and disappeared. A good Samaritan, who had followed plaintiff to the Ferry Building, saw defendant police officers on patrol and informed them of her observations and pointed to the suspect's car. After searching the area defendants contacted plaintiff and attempted to arrest him. Plaintiff resisted and then later fled the scene when another bystander interfered with the arrest. Plaintiff was later arrested nearby hiding in an alcove near Justin Herman Plaza. Plaintiff was later prosecuted for felony assault. The outcome of the prosecution is unknown at this time. Defendants deny the allegations.

**JURISDICTION**

1.    In response to paragraph 1 of plaintiffs' complaint, defendants admit this court has jurisdiction over this lawsuit, but denies any unlawful act was committed in this jurisdiction, except by plaintiffs.

**PARTIES**

2.    In response to paragraph 2, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

3.    In response to paragraph 3 defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

4.    In response to paragraphs 4-7, defendants admit.

5.      In response to paragraphs 8-9, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

## STATEMENT OF FACTS

6.      In response to paragraphs 10-21 defendants deny, or lack information sufficient to enable them to form a belief as to the truth of the allegations in these paragraphs, and, on that basis, deny the allegations.

7.      In response to paragraph 22-23, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in these paragraphs, and, on that basis, deny the allegations

8.      In response to paragraphs 24-27, defendants deny the allegations.

9.      In response to paragraphs 28-29, defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in these paragraphs, and, on that basis, deny them.

## LEGAL CLAIMS

10.     Responding to the allegations in plaintiffs' FIRST CAUSE OF ACTION (against SERNA and DOES) (¶30-31) defendants' lack information sufficient to enable them to form a belief as to the truth of the allegations in these paragraphs, and, on that basis, deny them

11.     Responding to the allegations contained in plaintiffs' SECOND CAUSE OF ACTION (against the City and Chief Fong), contained in paragraphs 31- 37, of the complaint, defendants deny.

12.     Responding to the allegations in plaintiffs' THIRD CAUSE OF ACTION (against the City), contained in paragraphs 38- 45, of the complaint, defendants deny.

13.     Responding to the allegations in plaintiffs' FOURTH CAUSE OF ACTION (against Serna, Moriyama and Does), contained in paragraphs 46-49, of the complaint, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

14.     Responding to the allegations in plaintiffs' FIFTH CAUSE OF ACTION (against Serna, Moriyama, and Does), contained in paragraphs 50-53, of the complaint, defendants lack

1    information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph,

2    and, on that basis, defendants deny the allegations.

3        15.    Responding to the allegations in plaintiffs' SIXTH CAUSE OF ACTION (against

4    Serna, Moriyama, and Does), contained in paragraphs 54-56, of the complaint, defendants lack

5    information sufficient to enable them to form a belief as to the truth of the allegations in this

6    paragraph, and, on that basis, defendants deny the allegations.

7        16.    Responding to the allegations in plaintiffs' SEVENTH CAUSE OF ACTION (against

8    Serna, Moriyama and Does), contained in paragraphs 57-59, of the complaint, defendants lack

9    information sufficient to enable them to form a belief as to the truth of the allegations in this

10    paragraph, and, on that basis, defendants deny the allegations.

11        17.    Responding to the allegations in plaintiffs' EIGHTH CAUSE OF ACTION (against

12    Serna, Moriyama and Does), contained in paragraphs 60-63, of the complaint, defendants lack

13    information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph,

14    and, on that basis, defendants deny the allegations.

15        18.    Responding to the allegations in plaintiffs' NINTH CAUSE OF ACTION (against

16    Serna, Moriyama, the City and Does), contained in paragraphs 64-68, of the complaint, defendants

17    deny the allegations.

18        19.    Responding to the allegations in plaintiffs' TENTH CAUSE OF ACTION (against

19    Serna, Moriyama, City and Does), contained in paragraphs 69-71, of the complaint, defendants deny

20    the allegations.

21        20.    Responding to the allegations in plaintiffs' ELEVENTH CAUSE OF ACTION

22    (against the City and Does), contained in paragraphs 72-74, defendants deny.

23                                    **DAMAGES**

24        21.    Responding to the allegations in plaintiffs' prayer of the complaint, defendants lack

25    information sufficient to enable it to form a belief as to the truth of the allegations in those

26    paragraphs, and, on that basis, defendants deny the allegations.

27

28

22.     Defendants further deny any allegation inadvertently unaddressed, and any and all prayer for damages.

23.     Defendants join in plaintiffs' request for jury trial.

## AFFIRMATIVE DEFENSES
## SEPARATE AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

24.     Plaintiffs fail to state facts sufficient to constitute a cause of action against any defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Assumption of Risk - Peril)

25.     Defendants allege that plaintiff/decedent realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the complaint herein; that plaintiff/decedent, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by plaintiffs was caused by said risks which were accepted and voluntarily assumed by decedent, when engaging in said activity.

## THIRD AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

26.     Defendants allege that plaintiffs had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that plaintiffs voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by plaintiffs was caused by said risks that were accepted and voluntarily assumed by plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

27.     Defendants allege that the complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq*. and related statutes.

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

28.     Defendants allege that the Complaint and each and every cause of action therein is barred because plaintiff/decedent failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any from defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Defendants' Acts Not A Proximate Cause)

29.     Defendants state that any act or omission on the part of the answering defendants, its agents or employees, was not the proximate cause of plaintiffs' injury.

## SEVENTH AFFIRMATIVE DEFENSE

### (Denial of Damages)

30.     Defendants deny that plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Immunity)

31.     Defendants allege the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

## NINTH AFFIRMATIVE DEFENSE

### (Immunity)

32.     Defendants claim the immunities under the applicable provisions of the Government Code, including without limitation sections 820.8, 830-835.4.

## TENTH AFFIRMATIVE DEFENSE

### (Barred by Tort Claims Act and Failure to file Claim)

33.     Defendants allege that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the complaint is barred by the following provisions of the California Tort Claims Act: Government Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Variance Between Tort Claim and Complaint)

34.    Defendants allege that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, plaintiffs' purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiffs' written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

35.    Defendants allege that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiffs may have is barred by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

36.    By reason of plaintiffs' own acts and omissions, including the acts and omissions of plaintiffs are estopped from seeking any recovery from defendants by reason of the allegations set forth in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

37.    Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the defendants to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

38.    The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

/ / /

/ / /

CCSF AND CHIEF FONG'S ANSWER
CASE NO.  C08-1916 SBA

7

n:\lit\li2008\081325\00498455.doc

1

2

## SIXTEENTH AFFIRMATIVE DEFENSE

(Res Judicata)

3

39.     To the extent plaintiffs' failure to file a claim bars this action, the Complaint and each

4

cause of action therein is barred by the doctrine of *res judicata* and collateral estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

5

(Proper Conduct)

6

40.     As a separate and affirmative defense to the Complaint and to each and every

7

allegation contained therein, Defendants allege that at all times and places mentioned in the First

8

Amended Complaint, defendants acted without malice and with a good faith belief in the propriety of

9

its conduct.

10

## EIGHTEENTH AFFIRMATIVE DEFENSE

11

(Acting in Good Faith)

12

41.     As a separate and affirmative defense to the Complaint and to each and every

13

allegation set forth therein, Defendants allege that at all times mentioned in the Complaint,

14

defendants performed and discharged in good faith each and every obligation, if any, owed to

15

plaintiffs.

16

## NINETEENTH AFFIRMATIVE DEFENSE

(Privilege)

17

42.     As a separate and affirmative defense to the Complaint and to each and every

18

allegation contained therein, defendants allege that its conduct at all times material herein was

19

privileged and/or justified under applicable state and Federal law.

20

## TWENTIETH AFFIRMATIVE DEFENSE

21

(Immunities)

22

43.     As a separate and affirmative defense to the Complaint and to each and every

23

allegation contained therein, defendants assert the various immunities conferred upon it pursuant to

24

the California Government Code, and other applicable provisions of law including, but not limited to,

25

those contained in Division 3.6 of Title 1 of the California Government Code.

26

/ / /

27

/ / /

28

CCSF AND CHIEF FONG'S ANSWER
CASE NO.  C08-1916 SBA

8

n:\lit\li2008\081325\00498455.doc

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Public Liability Act)

44.    Defendants allege the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of defendants' duties and liabilities in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Immunity: Exemplary Damages)

45.    Defendants allege that San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Plaintiffs' Conduct Reckless and Wanton)

46.    Defendants allege that at all times mentioned in plaintiffs' Complaint herein, plaintiff/decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiffs' claim is barred.

## TWENTY FOURTH AFFIRMATIVE DEFENSE
### (Discretionary Act Immunity)

47.    Defendants allege that the act or omissions which plaintiff claims give rise to liability in this case were within the discretion of a San Francisco employee acting within the course and scope of his employment and, as a result, plaintiffs' claim is barred by the discretionary act immunity contained in Government Code section 820.2 and its related provisions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Privilege)

48.    Defendants allege that if in fact any force was used by defendants against the plaintiffs herein said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

/ / /

/ / /

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Justified Use of Force)

49.    The Complaint and each cause of action therein is barred because the use of force against the plaintiffs by and the employees of the City, if any, was privileged and justified.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Comparative Negligence)

50.    Defendants allege by way of a plea of comparative negligence that plaintiffs were negligent in and about the matters and activities alleged in the Complaint; that plaintiffs' negligence contributed to and was a proximate cause of plaintiffs' alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiffs are entitled to recover damages against San Francisco by virtue of the Complaint, San Francisco prays that the recovery be diminished or extinguished by reason of the negligence of the plaintiffs in proportion to the degree of fault attributable to the plaintiffs.

### TWENTY- EIGHTH AFFIRMATIVE DEFENSE
(Arrest)

51.    Defendants allege that if in fact any force was used to effect the arrest of the plaintiffs herein by the named defendants, such force was authorized and privileged pursuant to Sections 835 and 835a of the California Penal Code and as a proximate result thereof plaintiffs are barred from any recovery herein for any alleged injury or damage if any there were.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
(Resisting Arrest)

52.    Defendants allege that plaintiffs herein were under a duty pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist their arrest; that plaintiffs breached their duty even though they knew or by the exercise of reasonable care should have known that they were being arrested by a peace officer; that as a direct and proximate result of plaintiffs' breach of this duty he is barred from recovery for any loss or damage they may have incurred, if any there be.

/ / /

/ / /

### THIRTIETH AFFIRMATIVE DEFENSE
(Plaintiffs Assaulted Police)

53.     Defendants allege that at all times mentioned in plaintiffs' Complaint herein, plaintiff/decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting officers; that it became and was necessary to use force on the person of the decedent to defend said arresting officers from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by plaintiffs were proximately caused by the necessary use of said reasonable force on the person of plaintiffs and not otherwise; and that by reason of plaintiffs instituting said vicious and violent assault on the persons of said arresting officers, plaintiffs' failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers from said assault, plaintiffs' claim, if any, is barred by law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
(Prevent Injury/Escape)

54.     Defendants allege that no more force was used on plaintiffs' person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
(Qualified Immunity)

55.     Defendants allege that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
(Immunity for Failure to Provide Medical Care to a Prisoner)

56.     Defendants allege that, under Government Code section 845.6, San Francisco is immune from liability for any inadequate medical care plaintiffs may have received while in custody.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Immunity from Injury Caused by Person Resisting Arrest)

57.     Defendants allege that, pursuant to Government Code section 845.8, San Francisco is immune from liability as a matter of law for injury caused to plaintiffs by a person resisting arrest.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Immunity:  Exemplary Damages)

58.     Defendants allege that San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Failure to State Relief Under 42 U.S.C. 1983)

59.     Defendants allege that the plaintiffs have failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. 1983 against San Francisco, its agents, employees and particularly its police officers.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (City and County of San Francisco Not a Proper Party)

60.     Defendants allege that plaintiffs have failed to allege sufficient, specific facts against San Francisco, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Mutual Combat)

61.     Defendants allege that plaintiff/decedent had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the complaint herein; that plaintiffs voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint, and that the loss or damage, if any, sustained by plaintiffs was caused by said risks, which were accepted and voluntarily assumed by he when she engaged in said activity.

## THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Self Defense)

62.     Defendants allege by way of a plea of self defense that defendant employee honestly and reasonably believed that plaintiffs were about to inflict harm upon them and that the use of force, if any, was done reasonably and in self-defense.

## FORTIETH AFFIRMATIVE DEFENSE
### (No Breach of Duty)

63.     Defendants further allege that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to plaintiffs.

1   WHEREFORE, defendants prays for judgment as follows:

2   1.     That plaintiffs take nothing from defendants;

3   2.     That the complaint be dismissed with prejudice;

4   3.     That defendants recover costs of suit herein, including attorneys' fees; and for such

5   other relief as is just and proper.

6   4.     Demand trial by jury.

7   Dated:  July 23, 2008

8                          DENNIS J. HERRERA
                           City Attorney
9                          JOANNE HOEPER
                           Chief Trial Deputy
10                         SEAN F. CONNOLLY
                           Deputy City Attorney
11

12
                     By:  s/Sean F. Connolly
13                         SEAN F. CONNOLLY
                           Attorneys for Defendant
14                         CITY AND COUNTY OF SAN FRANCISCO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CCSF AND CHIEF FONG'S ANSWER                    13                    n:\lit\li2008\081325\00498455.doc
CASE NO.  C08-1916 SBA