1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  SEAN F. CONNOLLY, State Bar # 152235
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3863
6  Facsimile:    (415) 554-3837
   E-Mail:       sean.connolly@sfgov.org
7

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
9  CHIEF HEATHER FONG, OFFICER JESSE SERNA,
   OFFICER GARY MORIYAMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL JACKSON; JANNIE MENDEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al<br><br>Defendants. | Case No. C08-1916 SBA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' (JACKSON AND MENDEZ) MOTION TO RELATE CASES**<br>**(Civ L.R. 3-12)** |
| SHAWN MYERS and SARAH MYERS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>Defendants. | Case No. C08-01163 MEJ<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' (JACKSON AND MENDEZ) MOTION TO RELATE CASES** |

## INTRODUCTION

This opposition is filed pursuant to the Court's Order of July 25, 2008.[1] While at first glance these two cases may appear related, they are not. They are two separate and distinct incidents resulting in arrests that were made for two entirely different reasons. Because the two lawsuits involve different questions of law, and because the lawsuits will not result in an unduly burdensome duplication of labor or expense---in fact, relating the two would only serve to convolute and confuse the issues that exist in each of them--- they should not be related. Further, Magistrate Judge Larson has already denied a similar motion made in *Myers*, attempting to relate *Myers* to other cases <u>not</u> involving *Jackson*.

## FACTUAL BACKGROUND OF *JACKSON V. CCSF*

On February 24, 2007, near the intersection of 5th and Mission Streets in San Francisco plaintiff Jamal Jackson brutally beat the driver of another car in a road rage incident. Jackson instigated the incident, followed the unsuspecting victim, and then, while the victim was stopped at a traffic light, walked up and beat the victim through the window of the victim's car. Jackson then fled in his own vehicle, ditched his car, a white Nissan Sentra, near the Ferry Building, and disappeared. The victim was left with severe injuries to his head and face. A Good Samaritan, who had followed Jackson to the Ferry Building, saw defendant police officers on patrol, informed them of her observations, and then pointed to the suspect's car. After searching the area defendant police officers found Jackson and attempted to arrest him. Jackson resisted and then later fled the scene when a bystander (Myers) interfered with the arrest. Jackson was later arrested nearby hiding in an alcove near Justin Herman Plaza. Jackson is being prosecuted for felony assault.

///

///

---

[1] It appears there may have been some confusion about the City's position on the relation of these cases. The case management conference statement referred to in the Court's July 25, 2008, Order was filed solely and separately by plaintiffs. Due to plaintiffs' inexplicable delay in serving defendants with the lawsuit, which had been filed April 16, 2008, defendants had not yet answered or appeared in the case as of the date of the most recent case management conference. It has never been defendants position that these cases were related.

## FACTUAL BACKGROUND OF *MYERS V. CCSF*

The Myers incident begins after the defendant officers begin their search for Jackson at the Ferry Building. As the officers inspected the car that the Good Samaritan had led them to, they were approached by plaintiff, Shawn Myers, who for some unknown reason deliberately mislead the officers by falsely informing them that he had seen the driver (Jackson) exit the white car and run into a nearby parking lot. Defendant officers immediately ran into the parking lot to search for Jackson. Unbeknownst to the officers, Jackson was not in the parking lot. As the officers attempted to search the parking lot Jackson, by pure chance, reappeared from an entirely different location totally inaccessible to the parking lot. The officers attempted to contact Jackson as well as an accomplice who admitted to owning the car. When the officers tried to arrest them Jackson resisted, which required Officer Serna to use reasonable force to attempt effect his arrest.

As the officers were attempting to arrest Jackson and his accomplice, plaintiff Myers approached out of nowhere and began interfering with the arrest by verbally challenging the officers and telling the officers that he "had something for them." It is unknown whether Myers and Jackson knew one another. When ordered by the officers to back away from the arrest, Myers refused and then challenged the officers saying, "fuck you… shoot me mother fucker," while at the same time reaching into his jacket pocket feigning as though he had a weapon. The officers told Myers to take his hands out of his pockets, but Myers refused.

Because Myers was interfering in the arrest, threatening the officers, and because they feared that Myers might be armed or dangerous, the officers turned their attention away from Jackson and toward Myers. The officers approached Myers and attempted to arrest him. As the officers contacted Myers he began to struggle. At 6'1" and 210 lbs, the officers had a difficult time restraining Myers. During the struggle with Myers, the suspect Jackson fled the scene, despite being handcuffed. Myers had succeeded in creating the opportunity that caused Jackson to escape. Myers struggled fiercely with the officers, which caused minor injuries to Officer Moriyama, including injuries sustained when Myers bit Moriyama on the hand.

The offices ability to restrain Myers was frustrated by the fact that they were without their handcuffs (which were on Jackson and his accomplice). While trying to restrain Myers, Sarah Myers

appeared from nowhere and charged the officers as if she were going to attempt to free Myers or otherwise interfere. Because the officers were still struggling with the combative Myers, and because they were without handcuffs, or back-up, and were vulnerable to assault, and had no way to stop Sarah Myers from assaulting them or interfering, she was pepper sprayed.

Eventually, back up units arrived and Shawn and Sarah Myers were arrested. The officers used a reasonable and necessary amount of force to effect the arrest of both Myers. Jackson was apprehended a short time later hiding in Justin Herman plaza. The officers deny the allegations in the complaint and deny the use of derogatory language included in plaintiff's complaint.

## I. THE CASES CITED BY PLAINTIFF ARE FACTUALLY AND LEGALLY DISTINGUISHABLE FROM ONE ANOTHER

### A. Legal Standard For Related Cases.

An action is "related" under Local Civil Rule 3-12(b) if it concerns:

> (1) Substantially the same parties, property, transaction, event or question of law; and
>
> (2) When it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Local Civil Rule, 3-12(b).

While nearly all §1983 cases involving police officers necessarily involve the same category of allegations (*e.g.*, false arrest, excessive force, and a *Monell* claim), the similarities end there. Every interaction between a police officer and a citizen resulting in an arrest involves a different set of circumstances. The facts and circumstances relative to the arrest of Jackson are different from those facts that led to the arrest of Myers. The facts and circumstances surrounding the reasonableness of the use of force used to effect the arrest of Jackson is separate and unique from the facts and circumstances present to justify the use of force of Myers. The claims alone do not make a series of cases related.

#### 1. The Cases Involve Different Parties.

The *Jackson* case is not related to *Myers* because it involves different plaintiffs and different facts. The plaintiffs in *Jackson* are Jamal Jackson and Jannie Mendez. Plaintiffs in *Myers* Shawn

1 Myers and Sarah Myers.  Nor are any plaintiffs a party in any other case against the City or defendant officers.

Plaintiff will argue that the two lawsuits are related because they arise out of the same transaction.  However, in reality, there were two incidents creating two different transactions, one of which resulted in the arrest of Jackson, one of which resulted in the arrest of Myers.  As stated above, the facts related to Jackson have to do with the investigation and search for Jackson who was involved in a brutal road rage incident severely injuring an innocent driver.  The Myers case has to do with the interference of the arrest of a dangerous suspect.   While there may be crossover facts, the circumstances relative to the officers' state of mind, information broadcast to them, and their respective use of force in the two separate incidents are entirely different.

### 2. The Cases Involve Different Facts.

The facts relevant to the arrest and use of force of Jackson are significantly different than the facts relevant to the arrest and use of force in Myers.  The facts surrounding Jackson involved the arrest of a resisting suspect of an aggravated assault.  The facts surrounding the arrest of Myers have to do with a third party who interferes in the lawful arrest of another person.  The factual circumstances relative to each defendant officers' perspective are unique.  The actions by each separate plaintiff precipitating police interaction are different; the verbal interactions between the plaintiffs and the police officers are different; the circumstances leading to each plaintiff's arrest is different; the circumstances warranting the use of force is different; and the degree of force employed, if any, in each case is different.

### 3. The Cases Involve Different Legal Issues Related To False Arrest And Excessive Force.

a.  <u>Different Facts for False Arrest Analysis</u>

Each of the cases sought to be related by plaintiff involved different facts leading up to the arrest of each plaintiff.  Because each of the facts is different for each incident, the legal analysis for probable cause based on the "totality of circumstances" will necessarily vary from case to case.

///

///

### b.  Different Acts of Force to Evaluate Use of Force

Likewise will the evaluation of the reasonableness of the degree of force used in each of the cases vary from case to case. The facts of each are so widely different that evaluation of the use of force will be different. In the present case, Sarah *Myers* was pepper sprayed after she attempted to interfere with police, yet officers struggled to contain Shawn *Myers,* all 6'1" and 210 lbs of him, after he challenged the two defendant officers while they were in the midst of trying to arrest a dangerous suspect (Jackson) who had just beaten a law abiding citizen to a bloody pulp. The material facts relevant to establishing reasonableness are NOT so "substantially" the same as to justify relation.

The use of force toward Jackson is seen from a different perspective. He was a suspect in a violent assault who resisted arrest when finally caught. The force used to resist and the force used to overcome that resistance was unique to Jackson. It has no connection to the force used by or on Myers.

### c.  Unclear and Undelineated *Monell* Theory

Lastly, plaintiffs attempt to justify relation through an argument that each case involves a "*Monell*" theory is unpersuasive. Other than restating conclusory language found in the *Monell* line of cases, plaintiffs fail woefully to articulate what their *Monell* theory is. They do not point to facts, theories, arguments, or policies that they believe each of the cases have in common that would justify relation. Nor do plaintiffs elaborate on what the separate *Monell* theory will be.

## II.  THERE WILL BE NO DUPLICATION OF EFFORT

Despite the non-specific nature of both plaintiffs *Monell* claim there will be no duplication of discovery because the survival of a *Monell* claim necessarily depends upon the finding of a Constitutional violation in each of the underlying cases. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Thus, each plaintiff will need to conduct specific and unique discovery involving an entirely different set of witnesses and evidence particular to each case, which every other plaintiff will not.

Lastly, *Monell* discovery is neither burdensome nor complicated. It can be conducted on a case-by-case basis without the need to involve a judge to coordinate. Where there is no evidence that

judicial effort would be duplicated denial of relation is appropriate. *Justin (Brown) v. City and County of San Francisco*, 1996 WL 241692 (N.D. Cal., 2008).

### III. THIS COURT HAS PREVIOUSLY RULED THAT THE SAME GROUP OF CASES WERE NOT RELATED SIMPLY BECAUSE ONE OF THE DEFENDANTS WAS THE SAME

Plaintiffs here (Jackson) will argue for relation simply because defendant Officer Serna is also a defendant in the Myers action. However, plaintiffs, including Myers, have previously made this argument for relation with no success.

On June 26, 2008, Magistrate Judge Larson, Judge Chesney, Judge Hamilton, and Magistrate Judge James, correctly ruled that a group of cases (including Myers) was not related simply because one of the named police officer defendants was common to each case (Doc. Entry No. 48, *Oliver v. CCSF, et al.*, Case No. C07-2460). See attached Exhibit "A" to Declaration of Sean F. Connolly ("Connolly Decl.").

Furthermore, On August 14, 2007, Magistrate Judge Larson denied a similar request by plaintiffs in unrelated case who so moved simply because the cases involved Officer Serna. See Exhibit "B" to Connolly Decl. (Doc. Entry No. 16, *Oliver v. CCSF, et al.*, Case No. C07-2460)

## CONCLUSION

For the foregoing reasons the court should deny the motion to relate the two cases.

Dated:  August 4, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
SEAN F. CONNOLLY
Deputy City Attorney


By:  s/*Sean F. Connolly*
SEAN F. CONNOLLY
Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO